

# THE ATTORNEY GENERAL
# OF TEXAS

November 20, 1987

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Bob Bullock                     Opinion No. JM-823
Comptroller of Public Accounts
L.B.J. Building                           Re: Whether attorneys fees
Austin, Texas   78774                     are in certain circum-
                                          stances subject to sales
                                          tax (RQ-1217)

Dear Mr. Bullock:

You ask our opinion about recent amendments to the Tax Code provisions that govern the limited sales, excise, and use tax. Tax Code ch. 151. During the second called session the legislature expanded the definition of "taxable services" to include "debt collection" services. Acts 1987, 70th Leg., 2d C.S., ch. 5, art. 1, pt. 4, §12, at 17, 25 (amending Tax Code §151.0101(a)). The legislature defined "debt collection service" as follows:

> (a) 'Debt collection service' means activity to collect a debt or claim, to adjust a debt or claim, or to repossess property subject to a claim.

> (b) 'Debt collection service' does not include the collection of a judgment by an attorney or by a partnership or professional corporation of attorneys if the attorney, partnership, or corporation represented the person in the suit from which the judgment arose.

Acts 1987, 70th Leg., ch. 5, art. 1, pt. 4, §4, at 17, 21 (to be codified as Tax Code §151.0036).

You ask questions about statutory construction; we limit this opinion to those questions. Your questions are:

> 1. Are attorneys' fees to date of judgment for the collection of open accounts and debts subject to tax?

p. 3914

    2. Are attorneys' fees for filing bankruptcy claims subject to tax?

    3. Are charges by attorneys and others in connection with land foreclosures subject to tax?

    4. Are attorneys' fees for enforcing contracts where there is a money dispute subject to tax?

    5. If an attorney charges for enforcing a judgment in a case in which he was not the attorney who obtained the judgment, are his fees subject to tax?

    6. Are attorneys' fees for negotiating debt and claim adjustments subject to tax?

    7. Are attorneys' fees in connection with enforcing insurance claims subject to tax?

Before we address the issues raised by those questions, a review of the legislative history of section 151.0036 may be helpful.

The extension of the sales tax to debt collection services was part of House Bill No. 61, the omnibus tax measure adopted by the second called session of the 70th Legislature. On July 2, 1987, Representative Paul Colbert offered an amendment from the floor that would have extended the sales tax to include legal services. The amendment was tabled, with 104 voting yea and 14 voting nay. House Journal, 70th Leg., 2d C.S., at 181 (1987). A second amendment from the floor on the same subject, offered by Representative Al Luna, likewise was tabled, with 116 voting yea and 28 voting nay. H.J., 70th Leg., 2d C.S., at 219 (1987).[1] The Senate then considered House Bill No. 61 and added provisions to extend the sales tax to include services, but not those, such as the practice

---

    1. Another measure, House Bill No. 6, also was introduced during the second called session, specifically to extend the sales tax to legal services; it was reported out of committee, but not considered on the floor.

of law, denominated as "professional." See generally Bill Analysis to H.B. No. 61, prepared for House Ways and Means Committee, filed in Bill File to H.B. No. 61, Legislative Reference Library.

The House refused to concur in the Senate version of the substitute, see H.J., 70th Leg., 2d C.S., at 335 (1987), and a conference committee of members from the two houses was appointed to fashion a compromise. Before the appointment of the conference committee, the present section appeared in neither the Senate nor the House versions of H.B. 61.

The circumstances leading to the adoption by the legislature of the final version of House Bill No. 61 suggest that the language adding section 151.0036 to the Tax Code was given brief attention, both in the conference committee deliberations and on the floors of the House and Senate. Thus, the legislative history available for determining legislative intent is scant. See generally Gov't Code §311.023.

The only reference to section 151.0036 in the debates in either house on the conference committee version of House Bill No. 61 before final passage came during a colloquy on the floor of the House of Representatives between Representative Dan Morales, the House sponsor of House Bill No. 61 and a member of the conference committee that produced section 151.0036, and Representative Greg Luna. We set out the exchange in its entirety below.

> Representative Luna: On these debt collection service: if an attorney sends a letter for a debt?
>
> Representative Morales: No, that would not be covered.
>
> Representative Luna: That would not be covered. If an attorney seeks to have foreclosure on real property? It says repossessed property subject to a claim.
>
> Representative Morales: Repeat that again.
>
> Representative Luna: If an attorney proceeds to represent a client on a foreclosure on

real property -- would that be subject to tax?

Representative Morales: No, Greg, and I guess that I would refer you to paragraph B of that, of the debt collection provision, where it indicates that a debt collection service does not include collection of a judgment by an attorney or by a partnership or professional corporation of attorneys if that attorney represented the person in the suit.

Representative Luna: But what bothers me Dan is that a lot of collection is done by attorneys that does not result in a judgment.

Representative Morales:  That is right.

Representative Luna: And so, even if it does not, it would not be subject. . . .

Representative Morales: Greg, I think, that if the reason that there is a lawyer involved in a particular case is to establish the claim then that would not satisfy the definitional language and would not be debt service collection. Because it would not be focused upon collecting the debt but would be deemed to be an establishment of the existing claim.

Representative Luna: But, sometimes you know on a debt and on an account - and I don't do this much, I am trying to clarify it for a later purpose - attorneys do send letters on accounts that are due and most of them are resolved without a judgment.

Representative Morales: Greg, I guess maybe the easiest way for us to think about that is that if the lawyer is doing what debt collectors do and that is all then he would be treated, that attorney would be treated as a debt collector. However, if that attorney has been involved in some other aspect of the case relative to establishing the claim or ultimately receiving the

> judgment he would fall, that individual would fall, under the exception under paragraph B.
>
> Representative Luna: Many general practitioners do this as a minor, incidental item of their practice.
>
> Representative Morales: Well they are debt collectors, they are debt collectors and subject to that provision of the bill.
>
> Representative Luna: Will they have to prescribe to any fee, permit fee, that sort of thing?
>
> Representative Morales: No, they are already licensed by the state as an attorney and I would presume that that would be sufficient.

Debate on H.B. No. 61 on the floor of the House of Representatives, 70th Leg., 2d C.S. (July 20, 1987) (transcript available from House Hearing Reporter).

We think that the legislative intent behind this hastily-drafted and ambiguous statute is most clearly reflected in Representative Morales' statements. Representative Morales' initial responses to Representative Luna's questions are all to the effect that the services of a lawyer would not be subject to the tax. Then Representative Morales qualifies those statements by saying that the tax would apply to a lawyer's services if the lawyer "is doing what debt collectors do and that is all." Representative Morales' statements, taken together, suggest that the legislative intent behind section 151.0036 was that a lawyer would be engaged in a taxable activity only when engaged in debt-collection activity that a non-lawyer could also engage in. That interpretation can be harmonized with the language of section 151.0036. Also, that interpretation is supported by the fact that the same legislature that enacted section 151.0036 rejected a proposition to apply the sales tax to legal fees generally.

Although we think it is possible to identify the legislative intent behind section 151.0036, the legislature did not provide any guidelines for determining when a lawyer "is doing what debt collectors do and that is all."

The practical difficulty with applying that standard is that a lawyer's services to a creditor client may include, in the same instance, services that only a lawyer can render as well as services that non-lawyers, such as debt collectors, can render. See generally Note, Collection Agencies and the Unauthorized Practice of Law, 1 J. Legal Prof. 155 (1976); Annot., 27 A.L.R.3d 1152 (1969); Wolfram, Modern Legal Ethics, §844 (1987). See also Attorney General Opinion MW-312 (1981) (corporation may not be represented in county court or county court at law on action to collect debt by an officer who is not lawyer). For example, a lawyer might write a demand letter after counseling a client about different ways to attempt to collect a debt or to adjust a claim. The lawyer's advice, based on his legal skills and knowledge, might be that further attempts to collect the debt or to adjust the claim might be unfruitful because of various legal or practical impediments or that additional efforts might simply be too costly in light of the benefits even a complete victory in the courts might bring. Although the paperwork ultimately produced by the lawyer might be similar to the paperwork produced by a non-lawyer debt collector, the lawyer certainly would have practiced law as part of the overall transaction. The question raised by section 151.0036 is whether any part of a lawyer's services in such a situation are subject to the sales tax.

If a part of a lawyer's services in situations like the one described above were to be taxed, the comptroller would be required to analyze the services provided by a lawyer in order to identify the aspects that did not involve the lawyer's legal skill or knowledge in any way. It would be absurd for the legislature to put the comptroller in that position. Further, even if it were possible to make that distinction, the attorney-client privilege would make it nearly impossible for the comptroller to obtain the information necessary to make such a determination. Therefore, we conclude that the legislature did not intend for "debt collection services" to include isolated pieces of transactions engaged in by lawyers. See Gov't Code §311.021 (legislature is assumed not to intend absurd results). Rather, we think that the legislature intended to tax services provided by a lawyer only if it is clear that the lawyer is acting in a transaction as nothing more than a debt collector. Again, that interpretation is supported by the fact the the legislature rejected a proposal to tax legal services generally. Therefore, only in an instance in which your

office can demonstrate that a lawyer is not providing legal services at all but is, for example, merely using his license to shield debt collection services from the sales tax, would services provided by a lawyer be subject to the sales tax.

## S U M M A R Y

The services of a lawyer are not taxable services under chapter 151 of the Tax Code unless the comptroller determines that the lawyer is not providing legal services and is acting solely as a debt collector.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Don Bustion and Sarah Woelk
Assistant Attorneys General